1 McGREGOR W. SCOTT
United States Attorney
2 JOSEPH B. FRUEH
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 E-mail: joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
5 Facsimile: (916) 554-2900

6 Attorneys for Defendant
UNITED STATES OF AMERICA

**Counsel for Remaining Parties
Listed on Signature Page**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORA WASHINGTON, | Case No. 2:18-cv-02474-WBS-AC |
| Plaintiff, | **STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER** |
| v. | |
| UNITED STATES OF AMERICA, a public entity; COUNTY OF SACRAMENTO, SACRAMENTO INTERNATIONAL AIRPORT, a public entity; and DOES 1 through 100; | |
| Defendants. | |

**STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the parties to the above-captioned action may produce, receive, and use documents and testimony otherwise restricted by the Privacy Act, 5 U.S.C. § 552a, subject to the terms and conditions of the following Order issued pursuant to 5 U.S.C. § 552a(b)(11).[1]

**I.   PURPOSE OF PRIVACY ACT PROTECTIVE ORDER**

A.   Plaintiff Nora Washington alleges she sustained personal injuries during a security pat-down in Terminal A at the Sacramento International Airport ("SMF") on August 3, 2017. She seeks damages from Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C §§ 1346(b), 2671–80. She also seeks damages from Defendant County of Sacramento.

B.   The Transportation Security Administration ("TSA") possesses documents and information relevant to the parties' claims and defenses that likely are subject to the Privacy Act, 5 U.S.C. § 552a. Such documents and information concern personnel information about TSA employees who participated in or witnessed Plaintiff's pat-down on August 3, 2017.

C.   The parties submit that the need for disclosure of the foregoing documents and information outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and the disclosed documents and information are used solely in this litigation.

D.   This Order permits the United States and TSA to produce the specified documents and information, but does not require production.

E.   This Order does not affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

---

[1] This court-order exception confirms that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614–15 (S.D.N.Y. 1979). A court may permit the disclosure of records under § 552a(b)(11) where they meet the relevance standard of Rule 26 of the Federal Rules of Civil Procedure. *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no basis" to infer that "actual need" is a prerequisite to permit disclosure under § 522(a)(b)(11), or that the Privacy Act "replaces the usual discovery standards of the FRCP . . . with a different and higher standard." (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)).

F. This Order is not a ruling on whether a particular document or category of information is discoverable or admissible.

G. This Order does not prohibit a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

H. This Order does not waive the right of the United States or TSA to use or disclose documents or information in accordance with the Privacy Act or other statutes, regulations, or policies.

I. The Department of Justice, the United States Attorney's Office, and TSA shall bear no responsibility or liability for any disclosure made pursuant to this Order.

## II. DISCLOSURE AND USE OF PRIVACY ACT MATERIAL

1. Documents and information designated by the United States as Privacy Act Material shall be used solely for the purpose of litigating the above-captioned action, including any appeals, and shall not be disclosed outside of discovery and court proceedings. The parties shall comply with the provisions of Federal Rule of Civil Procedure 5.2 and Local Rules 140 and 141 with respect to redactions of documents containing Privacy Act Material and any requests to file documents containing Privacy Act Material under seal.

2. After the final termination of this action, including appeals, counsel for the United States shall serve a written request to counsel for Plaintiff and Defendant County of Sacramento to (a) destroy or return to counsel for the United States all originals and any copies of Privacy Act Material; and (b) certify in writing that the provisions of this paragraph have been complied with. Counsel for Plaintiff and Defendant County of Sacramento shall comply with this request within 60 days of service. Notwithstanding this provision, counsel for Plaintiff and Defendant County of Sacramento are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Privacy Act Material. Any such archival copies that contain or constitute Privacy Act Material remain subject to this Order.

3. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible in evidence.

| | |
|---|---|
| 1 | 4. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege. |

Dated: September 3, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Joseph B. Frueh*
JOSEPH B. FRUEH
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

Dated: August 29, 2019

MASTAGNI HOLSTEDT, A.P.C.
1912 I Street
Sacramento, CA 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

By: /s/ *Brett D. Beyler* (authorized 8/29/2019)
BRETT D. BEYLER

Attorneys for Plaintiff
NORA WASHINGTON

Dated: September 3, 2019

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

By: /s/ *Mark P. O'Dea* (authorized 9/3/2019)
MARK P. O'DEA

Attorneys for Defendant
COUNTY OF SACRAMENTO

**IT IS SO ORDERED**

Dated: September 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE